UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF RIVERVIEW,

    Plaintiff,

                                 Case No. 15-11047

v.

                                 HONORABLE DENISE PAGE HOOD

OPERATING ENGINEERS LOCAL
324 PENSION FUND,

    Defendant.

_____/

**ORDER DENYING MOTION FOR
CLARIFICATION/RECONSIDERATION**

      This matter is before the Court on Defendant's Motion for Clarification brought under Fed. R. Civ. P. 60(b)(1), Fed. R. Civ. P. 59 and/or E.D. Mich. LR 7.1(h) filed June 10, 2015. On May 28, 2015, the Court entered an Opinion and Order remanding the action back to the Oakland County Circuit Court. The Court considers the motion under Local Rule 7.1(h) since there was no judgment entered as required under Fed. R. Civ. P. 59(e). Defendant also has not shown that the Court's Opinion and Order was based on a mistake, inadvertence, a surprise, or an excusable neglect as required under Rule 60(b)(1).

      The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order.

E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). Defendant's motion is timely filed. The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

It is noted that as to the 29 U.S.C. § 1451(c) issue, this Court noted that in its opinion that, "the Fund's defense of its right to collect withdrawal liability against River view under ERISA, *if any*, may be reviewed by the State court, which has concurrent jurisdiction over such a claim by the Fund." (Doc. No. 18, Pg ID 265)(italics added). The Court's opinion does not require any further clarification. Defendant seeks an advisory ruling from this Court regarding issues which may or

may not be raised before the State Court, which now has jurisdiction over the matter. The Court declines to do so.

    Accordingly,

    IT IS ORDERED that Defendant's Motion for Clarification brought under Fed. R. Civ. P. 60(b)(1), Fed. R. Civ. P. 59 and/or E.D. Mich. LR 7.1(h) filed June 10, 2015 **(Doc. No. 21)** is DENIED.

                              S/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

Dated: July 10, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 10, 2015, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager